# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02580-PAB-MJW

HARRY JETER,

Plaintiff,

v.

DENVER ISUZU SUZUKI LLC,

JEFFREY BACA, individually,

CLYDE CREEL, individually,

JUSTIN HELMICK, individually,

Defendants.

---

**PROTECTIVE ORDER**  ( Docket No. 22-1 )

---

This matter comes before the Court on the parties' Stipulated Motion for Protective Order. The Court has reviewed the Motion and the Court file and is fully advised on this matter. The Court finds and holds as follows:

1. The parties have demonstrated good cause for entry of a Protective Order to protect disclosure of confidential information.

2. The Court Orders that disclosure of documents containing confidential information will be handled as follows:

a. Documents produced by the parties, which contain confidential information are to be treated as confidential because they contain or reflect confidential or proprietary information and shall be appropriately be marked or designated by the producing party as "Confidential."

b. "Confidential" protected material shall include proprietary and confidential information not publicly available, which implicate a privilege or legitimate privacy interest.

c. Unless otherwise authorized by the producing party, or ordered by this Court, "Confidential" documents shall not be used for any purpose other than the preparation and trial of this action, and appeals of all or part of this action, and shall not be disclosed to any person, except as is necessary for that purpose and further restricted by paragraph e below.

d. If any transcripts of depositions, answers to interrogatories, motions, briefs or other pleadings to be filed with the Court include all or part of a "Confidential" document, the filing party shall first provide counsel for the producing party the opportunity to file a Motion to Seal pursuant to Local Rule 7.2 with respect to the "Confidential" document(s) or cause such documents to be filed under seal to allow the producing party to so file pursuant to Local Rule 7.2. Such pleadings or other papers shall be filed with the Court pursuant to the procedures in Local Rule 7.2 for filing documents under seal. The fact that this protective order has been entered into by any party shall

not in any way preclude a party from opposing a motion to seal such information as provided by law.

e. All "Confidential" documents and the confidential information therein which is provided by any party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

i. It shall be used only for the purposes of this litigation and not for any other purpose;

ii. It shall not be communicated or disclosed by the receiving party or its counsel in any manner, either directly or indirectly, except to the following for purposes of this litigation:

(1) attorneys actively working on this case;

(2) persons regularly employed, associated with, or consulting with the attorneys actively working on this case, whose assistance is required by said attorneys for purposes of this litigation and who, if appropriate under paragraph f below, execute the attached Exhibit A;

(3) the parties;

(4) expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is related to this litigation and who execute the attached Exhibit A;

(5) the Court and its employees;

    (6)  stenographic reporters who are engaged in this litigation who execute the attached Exhibit A; and,

    (7)  deponents and witnesses who execute the attached Exhibit A.

f. Counsel are charged with the responsibility of advising their partners, associate attorneys, legal support personnel, and experts or consultants who are participating in the prosecution or defense of this action, and other persons to whom disclosure of any "Confidential" document may be made pursuant to this Order, of the terms of this Order and their obligations, hereunder. Before counsel may disclose any "Confidential" document to persons not counsel or legal support personnel within the firms representing the parties, such recipients shall execute a declaration of the form set forth in the attached Exhibit A.

g. Any receiving party may object to the designation of particular "Confidential" documents by giving written notice to the producing party at any time. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the producing party to file an appropriate motion requesting that the Court determine whether the disputed "Confidential" documents should be treated as "Confidential" documents under the terms of this Protective Order. The disputed "Confidential" documents shall be treated by all parties as being subject to the Protective Order until resolution of the dispute by agreement within the ten (10) business days following receipt of objection by the receiving party or resolution of the dispute by Court order. However, if the

producing party fails to file an appropriate motion for Court determination within fifteen (15) calendar days after the expiration of the ten (10) business days following receipt of the notice of objection or by an extension agreed upon by the parties, the disputed "Confidential" documents shall lose their designation as "Confidential" and may be treated as not being subject to the terms of this Protective Order.

h.  Issues regarding use of "Confidential" documents at trial shall be later determined by the Court and included in the parties' Trial Management Order.

i.  Within thirty days following the complete conclusion of this action, including all appeals, counsel for the receiving party shall return to counsel for the producing party or secure the destruction of any copies, extracts or summaries of any "Confidential" document, or document containing information taken therefrom, but excluding any materials which, in the judgment of counsel, are work product materials. Within forty-five (45) days following the complete conclusion of this action, including all appeals, counsel for the receiving party shall provide the counsel for the producing party a document certifying the return or destruction of all "Confidential" documents and any copies, extracts or summaries of "Confidential" documents.

j.  Nothing contained in this Order shall affect the right of any party to make objections or other responses permitted by the Rules of Civil Procedure or Rules of Evidence. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal

Rules of Civil Procedure, or from filing a motion with respect to the manner in which "Confidential" documents shall be treated at trial.

DATED this 22nd day of March, 2011.

BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02580-PAB-MJW

HARRY JETER,

Plaintiff,

v.

DENVER ISUZU SUZUKI LLC,

JEFFREY BACA, individually,

CLYDE CREEL, individually,

JUSTIN HELMICK, individually,

Defendants.

---

## EXHIBIT A TO PROTECTIVE ORDER

---

## UNDERTAKING

STATE OF            )
                             ) ss
COUNTY OF        )

    I, _____, being first duly sworn, state that:

    1.     My address is _____
_____,

    2.     My present occupation or job description is: _____
_____,

8423.0202 Doc #:00066506;)

3. I have received a copy of the Protective Order signed by Judge_____ on_____ in the case of: Harry Jeter v. Denver Isuzu Suzuki, LLC, Jeffrey Baca, Clyde Creel, and Justin Helmick,

4. I have carefully read and understand the provisions of the Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Protective Order any designated Protected Document or any summaries, abstracts or indices of any Protected Document disclosed to me.

5. I agree that I will return or destroy any designated Protected Document, any summaries, abstracts or indices of any Protected Document disclosed to me following the complete conclusion of this matter, including any appeals, consistently with the Protective Order agreement, and that, if I elect to destroy the Protected Documents, I will provide notification to counsel who provided me with the information that such documents have been destroyed.

_____

Subscribed and sworn to before me this _____ day of _____, 2011, by
_____.

Witness my hand and official seal.

My commission expires:_____.

_____
Notary Public